Filing # 20932612 Electronically Filed 11/24/2014 04:23:59 PM

# IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

SCOTT AXEL,

    **Plaintiff,**

v.                                       Case No.

**FIELDS MOTORCARS OF FLORIDA, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Scott Axel ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Fields Motorcars of Florida, Inc. ("Defendant" or "Fields") and states as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

2. Defendant Fields Motorcars of Florida, Inc. is a Florida for-profit corporation which conducts business nationally, including Polk County, Florida, and is therefore within the jurisdiction of this Court.

3. Defendant is subject to the requirements of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), Fla. Stat. § 448.10, et. seq. and Article X, Section 24 of the Florida Constitution (the "Florida Minimum Wage Act" or "FMWA").

4. Venue is appropriate in this Judicial Circuit, as the events giving rise to Plaintiffs claims occurred primarily in Polk County, Florida.

5. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

6. Plaintiff is currently unaware of the identities of all defendants who may be liable for the FLSA violations alleged herein. If additional Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to substitute the true names and capacities of said defendants, along with corresponding allegations.

7. Plaintiff is an adult and a resident of Pasco County, Florida.

8. Plaintiff was an employee of Defendant pursuant to the FMWA and 29 U.S.C. § 203(e)(1), Defendant was Plaintiff's employer within the meaning of the FMWA and 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of the FMWA and 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9. Defendant is a multi-marque automobile dealer operating nationally and sells, leases, and services international automobile brands such as BMW, Mercedes-Benz, Bentley, Lamborghini, and Jaguar, among others.

10. Plaintiff worked for Defendant from approximately January, 2013 through mid-May 2014.

11. At all times material to this case, Plaintiff worked for Defendant as, among other duties, a car wholesaler at Defendant's Fields BMW dealership located at 4285 Lakeland Park Dr., Lakeland, FL 33809.

12. As a wholesaler, Plaintiff's duties included, but were not limited to:

  a. Locating and researching cars for potential purchase by Fields dealerships;

  b. Analyzing condition, Manheim auction, and other reports on potential vehicles;

  c. Traveling, purchasing, and listing vehicles on behalf of Fields at vehicle auctions;

  d. Posting vehicles for sale on behalf of Fields on several industry websites, including TradeRev, Ebay, Craigslist, and other sites;

  e. Transporting vehicles between Fields dealerships;

  f. Trading vehicles with non-Fields dealerships;

  g. Preparing and filling out relevant paperwork in connection with purchased or sold vehicles;

  h. Filling vehicles with gas;

  i. Cleaning vehicles as directed; and

  j. Attending weekly and other meetings.

13. In sum, Plaintiff was permitted to work, actually did work, and performed all the duties of, a full-fledged, full-time employee of Defendant.

14. In this role, Plaintiff worked in excess of 60-hours per work-week.

15. However, Plaintiff was not paid *any wages whatsoever* during the entire time that he worked for Defendant.

16. As a result, Defendant did not pay Plaintiff the statutory minimum wage for any hours worked for Defendant.

17. Similarly, Defendant failed to compensate Plaintiff at a rate of one-half times his regular rate of pay for any hours worked over 40 in the workweek.

18. Plaintiff was not "exempt" from the minimum wage provisions of the FLSA or FMWA, or the overtime provisions of the FLSA.

19. In fact, Plaintiff was entitled to, at a minimum, the statutory minimum wage for all hours worked for Defendant pursuant to the FMWA and FLSA, and overtime compensation for all hours worked over forty (40) in the workweek under the FLSA.

20. Defendant's violation of the FLSA and FMWA was knowing, willful, and in reckless disregard of the rights of Plaintiff.

21. Plaintiff has retained the services Bouzas Owens, P.A. and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I – UNPAID MINIMUM WAGES (FLSA)

22. Plaintiff realleges and incorporates paragraph 1 through 21 as though set forth fully herein.

23. Plaintiff was entitled to be paid the full minimum wage for all hours worked during his employment with Defendant.

24. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendant pursuant to 29 C.F.R. 778.5.

25. Defendant failed to pay Plaintiff any wage whatsoever, much less the applicable statutory Florida minimum wage.

26. As a result, Defendant violated the FLSA's provision on minimum wages.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

28. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay him proper minimum wages during every work week, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff his unpaid minimum wages as allowable under the FLSA statute of limitations period;

    b. Awarding liquidated damages in an amount equal to the minimum wage award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Declaring and mandating the cessation of Defendant's unlawful pay policy;

    f. Determining that the FLSA was violated and an adjudication on the merits of the case; and

    g. Ordering any other further relief the Court deems just and proper.

**COUNT II – UNPAID MINIMUM WAGES (FMWA)**

31. Plaintiff realleges and incorporates paragraph 1 through 21 as though set forth fully herein.

32. Plaintiff was entitled to be paid the full minimum wage for all hours worked during his employment with Defendant.

33. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendant.

34. Defendant failed to pay Plaintiff any wage whatsoever, much less the applicable statutory Florida minimum wage.

35. As a result, Defendant violated the minimum wage provisions of the Florida Constitution's and FMWA.

36. Defendant's willfully failed to pay Plaintiff the minimum wage during one or more workweeks during the subject period of work contrary to Article X, Section 24 of the Florida Constitution and the FMWA.

37. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the subject weeks that he worked for the Defendant.

38. As a result of Defendant's willful violation of the Florida Constitution and FMWA, Plaintiff is entitled to the minimum wage for all hours worked, liquidated damages and reasonable attorneys' fees and costs.

39. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff his unpaid minimum wages as allowable under the Florida Constitution's and FMWA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

    c. Awarding pre-judgment interest;

    d. Awarding reasonable attorney's fees and costs and expenses of the litigation;

   e. Declaring and mandating the cessation of Defendant's unlawful pay policy;

   f. Determining that the FMWA was violated and an adjudication on the merits of the case; and

   g. Ordering any other further relief the Court deems just and proper.

## COUNT III - UNPAID OVERTIME

40. Plaintiff realleges and incorporates paragraph 1 through 21 as though set forth fully herein.

41. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

42. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

43. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

44. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et. seq.*, including 29 U.S.C. § 207.

45. Defendant has failed to make, keep and preserve records with respect to Plaintiff's sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. §211(c) and §215(a).

46. Defendant knew or had reason to know that Plaintiff worked in excess of forty (40) hours per work week.

47. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.

48. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorney's fees and costs.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Declaring and mandating the cessation of Defendant's unlawful pay policy;

    f. Determining that the FLSA was violated and an adjudication on the merits of the case;

    g. Ordering any other further relief the Court deems just and proper.

## COUNT IV – QUANTUM MERUIT

51. Plaintiff realleges and incorporates paragraph 1 through 21 as though set forth fully herein.

52. Plaintiff provided valuable services to Defendant for which he was not paid.

53. Defendant has accepted, assented, received, and benefited from the services provided by Plaintiff.

54. In the ordinary course of events, a reasonable person would expect to pay for the valuable services and benefits provided by Plaintiff and accepted by Defendant

55. Plaintiff has notified Defendant that he expects to be paid for such services.

56. Notwithstanding same, Defendant did not, and refuses to, pay Plaintiff for the services provided to Defendant.

57. As a direct and proximate result of Defendant's failure to pay Plaintiff, Defendant has been unjustly enriched by receipt and enjoyment of Plaintiff's labor without payment and for which payment was expected and requested, the value of such enrichment is equal to value of the services provided to Defendant.

58. Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to recover his reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff monetary damages;

    b. Awarding prejudgment and post-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to Fla. Stat. § 448.08; and

    d. Ordering any other further relief the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT

59. Plaintiff realleges and incorporates paragraph 1 through 21 as though set forth fully herein.

60. Plaintiff conferred upon Defendant valuable services for which he was not paid.

61. Defendant had knowledge of, appreciated, and benefited from the services provided by Plaintiff by allowing Plaintiff to work and not paying him for the labor provided.

62. Defendant accepted and retained the benefits of Plaintiff's labor under circumstances which make it inequitable for Defendant to retain them without paying the value thereof.

63. Plaintiff has notified Defendant that he expects to be paid for such services.

64. Notwithstanding same, Defendant did not, and refuses to, pay Plaintiff for the services provided to Defendant.

65. As a direct and proximate result of Defendant's failure to pay Plaintiff, Plaintiff has suffered damages and Defendant has been unjustly enriched by receipt and enjoyment of Plaintiff's labor without payment and for which payment was expected and requested, the value of such enrichment is equal to value of the services provided to Defendant.

66. Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to recover his reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

  a. Awarding Plaintiff monetary damages;

  b. Awarding prejudgment and post-judgment interest;

  c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to Fla. Stat. § 448.08; and

    d.    Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

67.    Plaintiff demands a trial by jury.

Respectfully Submitted,

**BOUZAS OWENS, P.A.**

*/s/ Miguel Bouzas*

**Miguel Bouzas, Esq.**
Florida Bar No.: 0048943
Primary Email: miguel@bouzasowens.com
**Gregory A. Owens, Esq.**
Florida Bar No.: 0051366
Primary Email: greg@bouzasowens.com
2154 Duck Slough Blvd.
Suite 101
Trinity, FL 34655
Ph.    (727) 254-5255
Fax.   (727) 483-7942

**Attorneys for Plaintiff**

Filing # 20932612 Electronically Filed 11/24/2014 04:23:59 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>TENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>POLK</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Scott Axel</u>
Plaintiff
    vs.
<u>Fields Motorcars of Florida, Inc.</u>
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☒ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**EXHIBIT A**

2014CA-004676-0000-00        Received in Polk 11/24/2014 05:12 PM

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

| | | |
|---|---|---|
| III. | REMEDIES SOUGHT (check all that apply): | |
| | ☒ | Monetary; |
| | ☐ | Non-monetary |
| | ☒ | Non-monetary declaratory or injunctive relief; |
| | ☐ | Punitive |

IV. NUMBER OF CAUSES OF ACTION: (   )
(Specify)

<u>5</u>

V. IS THIS CASE A CLASS ACTION LAWSUIT?
☐ Yes
☒ No

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Miguel Bouzas</u>         FL Bar No.: <u>0048943</u>
         Attorney or party                         (Bar number, if attorney)

<u>Miguel Bouzas</u>                          <u>11/24/2014</u>
(Type or print name)                         Date